HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DUSTIN T. THEOHARIS,

　　　　Plaintiff,

　　v.

KRISTOPHER RONGEN,

　　　　Defendant.

CASE NO. C13-1345RAJ

ORDER

## I.  INTRODUCTION

This matter comes before the court on three motions. Plaintiff Dustin Theoharis asks the court to prohibit Defendant Kristopher Rongen, a law enforcement officer in the Washington Department of Corrections, from improperly expanding the opinions of his expert witnesses. Ofc. Rongen asks the court to grant a nine-month continuance of the trial date and related deadlines, and to order Mr. Theoharis to complete a specific test as part of a psychiatric examination. For the reasons stated herein, the court GRANTS Mr. Theoharis's motion in part and DENIES it in part as premature. Dkt. # 13. The court DENIES both of Ofc. Rongen's motions. Dkt. ## 17, 21.

## II.  BACKGROUND & ANALYSIS

No one disputes that in February 2012, Ofc. Rongen and a King County Sheriff's deputy shot Mr. Theoharis at least a dozen times after they encountered him in his bed in the course of arresting another person. During pre-litigation negotiations, Ofc. Rongen

ORDER – 1

learned that Mr. Theoharis had serious physical injuries that he claimed were permanently debilitating, that he had serious mental health problems as a result of the shooting that had not yet resolved, and that he claimed millions of dollars in damages. Mr. Theoharis disclosed many of his medical records during those negotiations, which apparently took place in early 2013. He has received substantial treatment for his physical and mental health since then, and Ofc. Rongen does not dispute that he knew as much. The parties also had the benefit of two reports that concluded that the shooting was a justified use of force.

Mr. Theoharis filed this suit in July 2013. On October 31, after exchanging initial disclosures a week previously, the parties submitted a joint status report (Dkt. # 11), requesting that discovery end in the middle of July 2014 and that trial occur in early November 2014. The court granted their request in its November 7, 2013 scheduling order, setting a November 17, 2014 trial date and a July 21, 2014 deadline for the close of discovery, with a May 21, 2014 deadline for expert witness disclosures.

And then, so far as the record reveals, Ofc. Rongen (or more accurately, his counsel) did nothing to pursue his defense for nearly six months. He did not propound written discovery; he did not take depositions; he did not subpoena medical records or other evidence in the hands of third parties. The uncontroverted evidence is that Ofc. Rongen's counsel did not even begin informal discussions about taking Mr. Theoharis's deposition until April 23, 2014. Mr. Theoharis's counsel requested that he propose dates for the deposition. In a May 13 email, Ofc. Rongen's counsel proposed taking Mr. Theoharis's deposition no sooner than May 23. Ofc. Rongen's counsel eventually deposed Mr. Theoharis on May 30. So far as the record reveals, that remains the only deposition Ofc. Rongen has taken or noted. Ofc. Rongen's counsel did not request that Mr. Theoharis sign the releases necessary to subpoena his medical records until April 24. Ofc. Rongen's counsel propounded no written discovery until June 6.

ORDER – 2

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18

On May 21, the deadline for expert disclosures, Mr. Theoharis provided expert witness disclosures, consisting of reports from 13 experts. Ofc. Rongen provided 8 expert reports of his own, including a report from Dr. James Russo, the only physician to examine Mr. Theoharis on Ofc. Rongen's behalf. Virtually all of Ofc. Rongen's experts noted that their reports were limited (often designating the reports themselves as "preliminary" or "interim") by their inability to examine various sources of evidence. Dr. Russo and a rehabilitation expert both noted that they had reviewed no medical records from later than early 2013, no doubt because Ofc. Rongen's counsel had yet to attempt to obtain them. They noted that they could not examine Mr. Theoharis's account of events because he had not yet been deposed or otherwise provided a statement. The rehabilitation expert noted that he had neither information on Mr. Theoharis's past employment nor his need for future medical care. Ofc. Rongen's economic expert noted that his report was incomplete because he had no assessment of Mr. Theoharis's current physical condition, mental condition, vocational limitations, or input from experts as to whether he needed future medical care. The expert who crafted a digital reconstruction of the shooting noted that his report was incomplete because he could not model the gunshot wounds to Mr. Theoharis both because of a lack of a statement from him and a lack of medical records.

19
20
21
22
23
24
25
26
27
28

Mr. Theoharis filed his motion because he believed not only that Ofc. Rongen had no excuse for the holes in his experts' reports, but because he believed that Ofc. Rongen would seek to improperly fill those holes in the guise of "supplemental" or "rebuttal" reports from the same experts and others. His fears were well-founded, at least in part. Among Ofc. Rongen's motions is a motion relating to a Fed. R. Civ. P. 35 examination of Mr. Theoharis by a psychiatrist. The motion requests that the court order that the psychiatrist be permitted to use a specific written test. But that request is moot, because it is too late for the psychiatrist to issue an expert report. Ofc. Rongen's counsel first informally requested the examination in late April, in advance of the May 21 deadline for

ORDER – 3

expert disclosures. But counsel neither promptly conducted the examination, timely requested a continuance of the deadline for expert disclosures, nor timely submitted a report from the psychiatrist.[1] The deadline for expert disclosures has passed. Ofc. Rongen now contends that his psychiatric expert will merely issue a "rebuttal" to a report from an expert psychologist who opined that Mr. Theoharis has severe and disabling PTSD. Ofc. Rongen may, if appropriate, designate an expert to rebut Mr. Theoharis's expert. But a new examination of Mr. Theoharis, about psychiatric issues that Ofc. Rongen has known about since the outset of this case, is not proper rebuttal.

About a week after Ofc. Rongen sought leave to conduct a psychiatric examination in the guise of preparing a "rebuttal" report, he sought a nine-month continuance of the trial date, along with leave to take 20 depositions, rather than the presumptive cap of 10 depositions that Fed. R. Civ. P. 30(a)(2) imposes. That is a curious request, because there is no evidence that Ofc. Rongen has noticed anyone's deposition, other than the deposition of Mr. Theoharis that he recently completed. Ofc. Rongen's counsel believes that the nine-month continuance is necessary not only to complete the depositions that he has yet to notice, but because of his busy schedule on other cases. Ofc. Rongen does not explicitly request a continuance of the July 21 discovery deadline, but it would appear that he wants one.

The motions before the court put a simple fact in stark relief: Ofc. Rongen's counsel is now suffering the consequences of having neglected this case for nearly six months. The court need not belabor the standards that apply to changing court deadlines, continuing trial deadlines, and otherwise upsetting a case schedule that has been in place for more than seven months. It suffices to say that to prevail on any such request, a party must begin by demonstrating its diligence in pursuing its case or defense. Ofc. Rongen's

---

[1] Ofc. Rongen's counsel contends that Mr. Theoharis's counsel acted improperly by objecting to the psychiatric expert he originally imposed and by negotiating other restrictions on the psychiatric exam. The record does not support those assertions. More importantly, it does not explain why counsel raised them for the first time after the deadline for expert disclosures had passed.

ORDER – 4

counsel cannot demonstrate diligence. Waiting until late April to begin discussing discovery in a case with a July 21 discovery deadline is not diligence, it is a cautionary tale to any lawyer hoping to conduct litigation diligently.

That lack of diligence impacts every request Ofc. Rongen makes. The court begins with his request for a nine-month continuance of the trial date. The court accepts, for the sake of argument, that Ofc. Rongen's counsel has commitments in other cases that will make it challenging to meet his commitments in this case. Why, then, did counsel wait until June 6, 2014, to announce those scheduling conflicts? Nothing in the record before the court suggests that the conflicts are of recent vintage.[2] Moreover, although the court has (consistent with its ordinary practice) not identified the attorney primarily responsible for defending Ofc. Rongen with anything more specific than the term "counsel," the court cannot ignore that counsel is an attorney for the Attorney General of Washington, an office that employs hundreds of attorneys. There is no explanation from counsel as to why the Attorney General of Washington has been unable to designate one or more additional counsel with sufficient time to pursue diligently Ofc. Rongen's defense. A motion for a continuance that comes well in advance of critical deadlines tends to resemble a request for a reasonable scheduling accommodation; a request that comes after counsel has already missed critical deadlines and with others looming tends to resemble an admission of a lack of diligence. The court might look differently on a narrowly-tailored request to extend discovery to complete discrete tasks, provided the extension allowed the parties to adhere to other case deadlines. But the court declines to continue the case in its entirety by nine months.

As to Ofc. Rongen's request to conduct more than 10 depositions, that request is premature. If Ofc. Rongen actually wishes to depose all of Mr. Theoharis's experts

---

[2] Counsel contends that this case changed dramatically on May 21, when the parties disclosed 21 experts in total. But counsel knew well before then that, at a minimum, his client would disclose 8 experts. If counsel believed it impossible to wrap up discovery as scheduled because of the number of experts, he should not have waited to seek a continuance until more than two weeks after the deadline for expert reports.

ORDER – 5

1  (there is no indication that he does), he will need to take more than 10 depositions. There
2  is no indication that Mr. Theoharis would oppose that request. Instead, he has simply
3  noted that it makes little sense to agree to more than 10 depositions when opposing
4  counsel has yet to notice even 2 depositions. The court agrees.

5       As to Ofc. Rongen's request for a court order as to the additional test that his
6  expert psychiatrist wishes to administer, that request comes too late. The record
7  demonstrates that Ofc. Rongen has been on notice since before this litigation began that
8  Mr. Theoharis's mental condition (including a diagnosis of post-traumatic stress disorder)
9  is at issue. Any expert psychiatric examination of Mr. Theoharis should have taken place
10 before the deadline for disclosing expert testimony. Ofc. Rongen contends that he did not
11 realize that Mr. Theoharis would contend that his PTSD was *still* disabling until he
12 reviewed his recent report. But even if that were true, Ofc. Rongen would have known
13 much about the extent of Mr. Theoharis's PTSD (and more) had he conducted timely
14 discovery. Moreover, Ofc. Rongen cannot cure his failure to disclose timely his
15 psychiatric expert by calling him a "rebuttal" witness. The Federal Rules permit later
16 disclosures from an expert witness "intended solely to contradict or rebut evidence on the
17 same subject matter identified by another party" in the other party's expert disclosures.
18 Fed. R. Civ. P. 26(a)(2)(D)(ii). Ofc. Rongen began his attempt to conduct a psychiatric
19 examination in late April, weeks before he saw Mr. Theoharis's expert's report. Putting
20 aside that implicit admission that the psychiatrist is not actually a rebuttal witness, there
21 is no evidence before the court that Ofc. Rongen's psychiatrist intends to offer opinions
22 that are "intended solely to contradict or rebut" evidence from Mr. Theoharis's experts.

23      As to Mr. Theoharis's request to limit Ofc. Rongen's experts to the opinions
24 expressed in their reports to date, that request is at least partially premature. Ofc.
25 Rongen's experts are permitted to legitimately "supplement" their reports within the
26 meaning of Fed. R. Civ. P. 26(e)(2). Supplementation, however, is appropriate only
27 when an expert witness "learns" after his or her initial expert report of something that
28 ORDER – 6

makes his or her report incomplete or incorrect. Fed. R. Civ. P. 26(e)(1). Supplementation does not extend to filling holes that the expert knew existed, holes that existed only because of a party's lack of diligence in obtaining evidence necessary to the expert's report. In this case, no expert may "supplement" his report to account for discovery that Ofc. Rongen's counsel could have obtained well before the deadline for expert reports. That does not, however, preclude the possibility of appropriate supplementation. Similarly, as the court illustrated in discussing Ofc. Rongen's failure to timely disclose the expert testimony from a psychiatrist, Ofc. Rongen may not offer "rebuttal" opinions that should have been disclosed in advance of the deadline for expert witness disclosures. That does not, however, preclude him from offering proper rebuttal testimony, *i.e.*, testimony "intended solely to contradict or rebut evidence on the same subject matter" identified by another party's experts. Fed. R. Civ. P. 26(a)(2)(D)(ii).

The court is in no position to know whether Ofc. Rongen's experts will offer new opinions beyond the scope of proper rebuttal or supplementation. The sole exception is the court's conclusion that Ofc. Rongen's psychiatric expert's plan to examine Mr. Theoharis after the deadline for expert disclosures is not part of an effort to prepare proper rebuttal testimony. As to any other expert opinions, the court expects counsel for Ofc. Rongen to heed the court's admonitions in this order. Should future disclosures from his experts require motion practice to strike new opinions that are beyond the scope of proper rebuttal or supplementation, the court will award attorney fees and perhaps other sanctions.

Finally, the court considers whether there would be any harm to Mr. Theoharis if the court were to either permit Ofc. Rongen to submit late disclosures of expert testimony or continue the trial date. Federal Rule of Civil Procedure 37(c)(1) declares that a party who "fails to provide information or identify a witness as required by Rule 26(a) or (e)" is "not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless." As the

ORDER – 7

court has discussed, Ofc. Rongen's counsel's failure to provide timely, complete expert reports was not substantially justified. It was not harmless, either. Mr. Theoharis has, in contrast to Ofc. Rongen, diligently met his discovery obligations. He designated more than a dozen expert witnesses, informing all of them that trial would occur in mid-November. Shepherding so many expert witnesses is a difficult task with advance planning; it is dramatically more difficult when deadlines change because of the lack of diligence of opposing counsel. Moreover, unlike Ofc. Rongen's counsel, Mr. Theoharis's counsel has scheduled commitments in other cases around commitments in this case. Even a relatively modest continuance would wreak havoc on those commitments. Finally, no one disputes that Mr. Theoharis has suffered serious injuries. It would harm him to delay his day in court solely because opposing counsel neglected case obligations.

### III.  CONCLUSION

For the reasons stated above, the court GRANTS Mr. Theoharis's motion (Dkt. # 13) to the extent that it rules that (1) Ofc. Rongen's experts may not offer new opinions based on information that Ofc. Rongen could have, in the exercise of reasonable diligence, disclosed to them in advance of the May 21 deadline for expert disclosures, and (2) Ofc. Rongen's effort to conduct an initial psychiatric examination after that deadline is untimely. It otherwise DENIES that motion as premature. The court DENIES Ofc. Rongen's motion regarding his belated attempt to conduct a psychiatric examination. Dkt. # 17. The court DENIES Ofc. Rongen's motion to continue the trial date. Dkt. # 21

DATED this 16th day of June, 2014.

*Richard A. Jones*
The Honorable Richard A. Jones
United States District Court Judge

ORDER – 8