HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DUSTIN T. THEOHARIS,

       Plaintiff,

    v.

KRISTOPHER RONGEN,

       Defendant.

CASE NO. C13-1345RAJ

ORDER

## I.  INTRODUCTION

This matter comes before the court on two motions from Defendant.  The first seeks to reopen discovery as to damages, the second seeks to compel a medical examination of Plaintiff in January.  For the reasons stated herein, the court DENIES both motions.  Dkt. ## 80, 93.  Part II of this order concludes with instructions to the parties as to supplementing discovery regarding Plaintiff's medical treatment.

## II.  BACKGROUND & ANALYSIS

Defendant Kristopher Rongen, a Washington Department of Corrections officer, shot Plaintiff Dustin Theoharis repeatedly while apprehending a suspected parole violator in February 2012.  Mr. Theoharis survived, but suffered many injuries from which he continues to recover.

Mr. Theoharis's claims against Ofc. Rongen were originally set for trial in November 2014.  Discovery closed in July, although the court permitted the parties to conduct some expert witness depositions in August.  Each party filed a motion for

ORDER – 1

summary judgment; Ofc. Rongen's motion became ripe on August 15, Mr. Theoharis's motion for partial summary judgment became ripe on September 5.

On September 23, the court issued an order continuing the trial date to January 5, 2015. It did so because of conflicts in the court's schedule, not the parties' request. Unfortunately, the new trial date conflicted with the parties' counsel's schedules, leading them to agree to a trial in early June 2015. The court set a June 1 trial date. The court did not set new deadlines for discovery, which had by then been closed for months.

Now before the court are two motions from Ofc. Rongen related to discovery. In the first, he asks the court to reopen discovery "on the issue of damages." The basis for that request is that Mr. Theoharis continues to recover from and receive treatment for his injuries. By the time trial begins, medical records that Mr. Theoharis disclosed prior to the close of discovery will be about a year out of date. In addition, several of the parties' experts based their opinions on Mr. Theoharis's status before the close of discovery, and Ofc. Rongen believes they must update their disclosures to reflect any changes.

For reasons not apparent to the court, while Ofc. Rongen's motion to reopen discovery was pending, he filed another motion on the same subject. He asked the court to compel Mr. Theoharis to submit to an examination by Dr. James Russo, Ofc. Rongen's expert orthopedist, in January 2015. That motion reflects that Ofc. Rongen's counsel last conferred with Mr. Theoharis's counsel a month before filing the motion, which is not acceptable.

There is little question that something needs to be done before trial to update discovery as to the status of Mr. Theoharis's injuries. No party suggests that damages in a trial in June 2015 should be based on Mr. Theoharis's condition as of early 2014. The parties' disagreement is about how to update discovery. Ofc. Rongen demands a nebulous "reopening" of all discovery on damages, including permission to submit unspecified additional expert disclosures, along with Dr. Russo's examination in January. Damages discovery in this case is hardly a limited subject. Mr. Theoharis's injuries are

ORDER – 2

both physical and psychological, and the extent of his recovery from those injuries impacts discovery on the amount of his past and future medical expenses, past and future emotional distress, and past and future lost earnings.  The court's prior orders in this matter reflect the difficulty of bringing discovery to a close the first time, and the court has no interest in repeating the experience.

Moreover, as Mr. Theoharis points out, the June 1 trial date is no certainty.  There may be no trial, because the court could grant Ofc. Rongen's motion for summary judgment.  Even if the court denies that motion, Ofc. Rongen could seek interlocutory review of the court's ruling, which might lead the court to stay the trial date.

In an effort to balance all of these concerns, the court rules as follows:

1) The court advises the parties that they will receive a ruling on their summary judgment motions by the end of January 2015.  The court has delayed its consideration of those motions so it could attend to its 200 other civil cases, given that trial in this case will not occur until June 2015.

2) The court denies Ofc. Rongen's request to compel an examination of Mr. Theoharis by Dr. Russo in January.  Assuming trial occurs in June, updated medical examinations (assuming they are necessary) should occur much closer to the trial date.

3) Although the court will not reopen discovery, the parties' obligations to supplement both fact and expert discovery continue. Fed. R. Civ. P. 26(e).  To fend off yet more discovery motions from the parties, the court issues the following orders regarding supplemental discovery.

   a) Mr. Theoharis shall produce supplemental records of medical treatment (including mental health treatment) no later than February 20, 2014.

   b) After Ofc. Rongen has considered the supplemental records, the parties shall meet and confer as to whether it is necessary to update any expert disclosures or conduct any additional examinations.  The court urges the

ORDER – 3

parties to be reasonable. For example, if the supplemental records reflect no significant changes to Mr. Theoharis's condition, the parties could agree to permit their experts to refer to those records without the necessity of new expert reports or depositions. In any event, the parties should plan to conclude any supplemental discovery by the end of March 2015.

c) If the parties are unable to agree as to additional expert discovery, they may submit a single motion, using the procedure in Local Rules W.D. Wash. LCR 37(a)(2), to resolve those disputes. That motion must be filed no later than April 3, 2015. The court will award attorney fees to the prevailing party on that motion.

d) No party should mistake supplemental discovery for an opportunity to remedy defects in previous discovery efforts, unless it was impossible to remedy those defects through ordinary diligence. In particular, the court will not permit Ofc. Rongen to conduct a psychological examination of Mr. Theoharis. To the extent that any expert submits a supplemental disclosure, that supplement will be limited to addressing material disclosed in accordance with this order.

### III.   CONCLUSION

For the reasons stated above, the court DENIES Ofc. Rongen's discovery motions. Dkt. ## 80, 93. The parties shall supplement discovery in accordance with this order.

DATED this 16th day of December, 2014.

_The Honorable Richard A. Jones_
United States District Judge

ORDER – 4